THE CORPORATION OF FREDERICK SCHOLES, Respondent, v. THEO-
DORE FICKE WAREHOUSES, INC., Appellant.

Second Department, April 3, 1924.

Landlord and tenant — action to recover balance of rent — lease was
for rental of premises on which buildings stood and provided that rent
should be computed on area of premises exclusive of uncovered drive-
ways and yards — area of floor space in buildings not basis for deter-
mining amount of rent — payments by tenant in excess of rent based
on area of land not conclusive where measurements not made before
payment.

In an action to recover an alleged balance due for rent under a written lease
purporting to rent certain premises with the buildings thereon and providing
that the amount of the annual rental should be equal to fifty cents per square
foot to be computed on the area of said premises, excluding in such computation
any exposed and uncovered driveways and all yard spaces, the proper basis
for determining the amount of the annual rental is the number of square feet
of land in the premises less the number of square feet of exposed and uncovered
driveways and yard spaces, and the tenant is not liable on the basis of the
number of square feet of floor space in the buildings on the premises.

The fact that the tenant made payments on account of the rent to an amount in
excess thereof figured on the above basis is not conclusive, since it appears that
the payments were made before the actual measurements were submitted by
the landlord to the tenant, and that as soon as the landlord presented a claim
for rent on the basis of the number of square feet of floor space the tenant
promptly objected to the method of computation.

KELLY, P. J., dissents.

APPEAL by the defendant, Theodore Ficke Warehouses, Inc.,
from a judgment of the Supreme Court in favor of the defendant,
entered in the office of the clerk of the county of Kings on the
26th day of October, 1923, upon the verdict of a jury rendered
by direction of the court.

*Henry D. Merchant*, for the appellant.

*Fred L. Gross* [*Louis C. Wills* with him on the brief], for the
respondent.

JAYCOX, J.:

This action was brought to recover the sum of $3,028.72 for
rent which the plaintiff claimed was due under a lease made by
the plaintiff to the defendant. The only question involved in
this appeal is as to the basis upon which the rent should be com-
puted. I quote so much of the complaint as seems to be material
to that question:

" II. That on or about July 27, 1921, the plaintiff and defendant
entered into an agreement of lease in writing, bearing date on that

day, whereby the plaintiff leased to the defendant and the defendant hired from the plaintiff, the premises with the buildings thereon erected, situate on the westerly side of Kent Avenue, ninety-three (93) feet six (6) inches northerly of Rodney Street in the Borough of Brooklyn, City of New York, more fully shown on two prints of survey, dated July 21, 1921, made by Meserole City Surveying Company, copies of which were identified by the signatures of plaintiff and defendant, for a term of twenty-one years, beginning August 1, 1921, at an annual rental equal to fifty cents ($.50) per square foot to be computed on the area of said premises, excluding in such computation all exposed and uncovered driveways and all yard spaces, which said rent, it was therein agreed, should be payable in equal monthly payments on the first day of each and every month in advance, and the defendant also therein agreed to pay the further sum as rent an amount equal to two-thirds of the annual land or ground tax levied against said premises.

" III. That the said premises consist of a plot of land on which there are erected five buildings designated on the aforesaid prints as Building Nos. 1, 2, 3, 4 and 5.

" IV. That said buildings known as Nos. 1, 4 and 5 were each a three-story brick and concrete structure and said buildings known as Nos. 2 and 3 were each a one-story brick structure, with high ceiling.

" V. That it was further agreed that such rent for buildings Nos. 1 and 5 should commence August 15, 1921, and for buildings Nos. 2, 3 and 4 from and after the date of the completion of improvements and repairs agreed to be made by plaintiff."

The complaint contains further allegations as to when the repairs upon the premises were completed and the defendant went into possession, but upon the trial the defendant conceded that it went into possession of all of the buildings on August fifteenth. From this concession the record shows that the court and all the parties to the case understood that there was no longer any question as to the completion of the repairs and the time when the defendant went into full possession of the premises.

The amount of rent claimed to have accrued by computation of the square foot area of the floor space was $8,130.72. On account of this the plaintiff admitted that the defendant had paid $5,500. The plaintiff claimed in addition to this $398 for a proportion of the taxes unpaid. This item, however, the plaintiff waived. This, therefore, left as the one question in the case, as I have previously stated, the basis upon which the rent should be computed. The oral testimony throws practically no light upon this subject. Under the lease the defendant was to go into possession

August first, but rent should not begin until August 15, 1921. On August 15, 1921, a bill was sent to the defendant of which the following is a copy (omitting immaterial portions):

" Messrs. Theo. Ficke Warehouses, Inc.
    " 288–289 West Street, New York City, N. Y.
            "To Walter T. Scott, Dr.
                " Real Estate, 32 Court Street.
    " On account of rent due August 15, 1921, covering premises Kent Avenue, foot of Ross Street, Brooklyn, N. Y., Building 1 and 5, under lease between Frederick Scholes Corporation and Theo. Ficke Warehouses, Inc., dated July 27, 1921, to be accurately adjusted after final determination of area, $1,500.00 "

This bill was paid, as was also another bill of like character. Apparently, another payment of the same amount was made, making $4,500. Then a bill dated December 8, 1921, was sent, of which the following is a copy:

                            " Brooklyn, *Dec. 8th*, 1921.

" Theo. Ficke Warehouses, Inc.,
To The Corporation of Frederick Scholes, Dr.
    " For rent of property 616 to 624 Kent Ave.

| Building | Area | Time | Amount |
|---|---|---|---|
| #1 . . . . . . . . | 12293 | Aug. 15 to Dec. 15 | 2,037.00 |
| #5 . . . . . . . . | 20705 | Aug. 15 to Dec. 15 | 3,451.00 |
| #5B . . . . . . . | 1802 | Aug. 15 to Dec. 15 | 300.00 |
| #5a . . . . . . . . | 1900 | Oct. 20 to Dec. 1 | 105.00 |
| #5a . . . . . . . | 5927 | Dec. 1 to Dec. 15 | 134.00 |
| #3 . . . . . . . . | 1800 | Oct. 20 to Dec. 1 | 100.00 |
| #3 . . . . . . . . | 3618 | Dec. 1 to Dec. 15 | 75.00 |
| #4 . . . . . . . . | 5000 | Oct. 20 to Dec. 1 | 277.00 |
| #4 . . . . . . . . | 8000 | Dec. 1 to Dec. 15 | 166.00 |
| #2 . . . . . . . . | 3000 | Nov. 20 to Dec. 15 | 104.00 |
| #2 . . . . . . . . | 3500 | Dec. 1 to Dec. 15 | 75.00 |

                                            6,824.00
Taxes on 7/12 of area for 2 1/2 Mos . . . . . . . . . . . . . . . . . . . .    398.00
                                                            7,222.00
                        Paid on account . . . . . . . . . . . . . . . .    4,500.00

                        Bal. due . . . . . . . . . . . . . . . . . . . . . . . $2,722.00
1,000.00 recd. 9th "

The defendant replied under date of December 13, 1921, saying: " We have your bill of Dec. 8, 1921, covering accrued rentals and taxes to December 15, 1921, and showing a balance of $2,722 due you less a credit of $1,000 sent you on the 8th inst. on account. After checking the same over it does not appear to be correct. You have charged us for three times the area of the premises on which the three story buildings stand, this is not correct according to the agreement. According to our computations based upon the

areas indicated in your bill and the data given we submit the following as a proper statement." Then follows a statement showing the area covered by the buildings as 27,915 feet, making the total rent and taxes payable $3,509.16, and concluding: " Please check this over and advise us." The check mentioned in this letter made up the total payments of $5,500 on account. This was all the correspondence that passed between the parties that bears upon the question.

The distinction between " area of the premises " and " floor space " was illustrated during the trial.

The plaintiff put a surveyor upon the stand who swore that from measurements he had computed the area of the entire plot as 32,246.64 square feet; that the area covered by the buildings is 26,733.29 square feet. The area of the alleyway and the rear yard or dock is 5,513.35 square feet. The next question asked the witness after this testimony is: " Q. Did you also from your measurement compute the floor space area of the building No. 1? " During the examination the court asked the witness: " Q. What is the area of No. 2, all the floors? Mr. Gross: There is only one floor. By the Court: Q. Of the floor space? A. 7,130.90 square feet." The witness was also asked if he computed the " floor space area of the building No. 1." The answer was: " The area of the building No. 1 on all floors is 12,223.05 square feet." The floor space area of the other buildings was: No. 2, 7,130.90; No. 3, 3,618.06; No. 4, 9,132.03; No. 5, 28,435.21, making a total of 60,539.25. The area covered by the buildings, according to the computation of the same witness, is 26,733.29 square feet.

The lease is not printed in the record and was not introduced in evidence. The plaintiff's summary thereof is accepted as correct by the defendant. In this it is stated that the defendant hired from the plaintiff the premises with the buildings thereon erected. This clause, standing by itself, seems to indicate a distinction between the buildings and the premises. The lease was not a lease of the buildings, but was a lease of the premises upon which these buildings were erected. The rental was to be equal to fifty cents per square foot, to be computed on the area of said premises. This again carries out the distinction previously pointed out, that it was not the buildings that were to be the subject of the lease; the buildings were but a mere incident. The lease was of the premises and the rental was to be computed on the area of said premises. This is further borne out by the following clause: " excluding in such computation all exposed and uncovered driveways and all yard spaces." The exclusion of uncovered driveways and yard spaces clearly indicates that the computation is to be

made, not upon the floors in the buildings, but upon the area of the land leased. All the land covered by any building, shed, awning, porte cochere or anything of that kind, is to be included, but the uncovered driveways and yard spaces are not contained in buildings. It was clearly the intention of the parties that if any driveway entered a building or was under any cover, it should be so included. That the premises did contain uncovered driveways and yard spaces is shown by the testimony introduced by the plaintiff, that the alleyway and rear yard or dock comprised an area of 5,513.35 square feet. It seems to be reasonably clear, taking into consideration the situation and condition of the premises, that it was the intention of the parties to determine the amount of rent by a computation of the land area. The respondent argues that if such purpose had been in the minds of the parties it would have been easy to determine the amount of the land area and put in the exact amount of the rent. It can be answered with equal truth that it would have been just as practicable to have measured the interior of the buildings and computed the amount of floor space. The fact that at the time the floor space was cut up by machinery which the plaintiff was required to remove and did remove did not in any way hinder such measurement and computation. It might further be said — and I think this is a matter of extreme importance — if the plaintiff intended and the parties understood that floor space was to be the basis upon which the computation was to have been made, " floor space " would hav been mentioned in the lease instead of " area of the premises."

It is claimed by the plaintiff that even though the lease is susceptible of this construction there had been a course of dealing between the parties which amounts to a practical construction of this lease in the manner in which the plaintiff claims it should be construed. This course of dealing is contained in the bills and letters which I have quoted. It is the plaintiff's contention that when the bills on account of rent were presented to the defendant and paid without protest, the defendant thereby acquiesced in the plaintiff's construction of the lease. This is based upon the contention that at the time when the first bill for $1,500 was rendered the defendant was only in occupation of buildings 1 and 5 and that the total ground space occupied by these two buildings was about 12,000 square feet, which, at 50 cents per square foot, would be $6,000 a year, or $500 a month, and that nevertheless the defendant paid $1,500 for one month's rent. I think this construction might have been placed upon the conduct of the defendant had the bill been a flat bill for that amount of rent. The bill, however, stated that the rent was to be accurately adjusted after final determination of area.

This was a reservation which inured to the benefit of both parties and robs the instrument of the conclusive character which the plaintiff claims for it. It may seem strange, even with that reservation, that the defendant was willing to pay so much more than was apparently due. I think, however, that this lease was for a period of twenty-one years and that the defendant would always have it in its power to deduct from future bills any over-payment made at this time. Further than that, the bill itself did not show any method of computation. There was no statement in it that floor space was the basis of the computation. On December eighth, when Exhibit 3 was sent, for the first time a statement was made as to the area upon which the computation was based, and that immediately drew from the defendant a protest and a statement giving practically the ground area occupied by the buildings; so that the first time the question was presented to the defendant it made known its contention that the rent was to be computed upon the area of the land itself and not upon the floor space of the buildings. I, therefore, come to the conclusion that the defendant has not by any practical construction acceded to the plaintiff's claim that floor space is the basis for computing the rent.

I, therefore, recommend that the judgment be reversed upon the law and the facts, with costs, and since a computation of the rent according to the ground area discloses that there is no rent due to the plaintiff, that the complaint be dismissed, with costs.

RICH, KELBY and YOUNG, JJ., concur; KELLY, P. J., dissents.

Judgment reversed upon the law and the facts, with costs, and complaint dismissed, with costs.