THE CORPORATION OF FREDERICK SCHOLES, Respondent, *v.* THEO-DORE FICKE WAREHOUSES, INC., Appellant.

Second Department, May 22, 1925.

Landlord and tenant — action to recover balance of rent — lease was for rental of premises on which buildings stood and provided that rent should be computed on area of premises exclusive of uncovered drive-ways and yards — area of floor space in buildings not basis for deter-mining amount of rent — payments by tenant in excess of rent based on area of land not conclusive where measurements not made before payment.

(Headnote on appeal from prior judgment, 209 App. Div. 34.)

In an action to recover an alleged balance due for rent under a written lease purporting to rent certain premises with the buildings thereon and providing that the amount of the annual rental should be equal to fifty cents per square

foot to be computed on the area of said premises, excluding in such computation any exposed and uncovered driveways and all yard spaces, the proper basis for determining the amount of the annual rental is the number of square feet of land in the premises less the number of square feet of exposed and uncovered driveways and yard spaces, and the tenant is not liable on the basis of the number of square feet of floor space in the buildings on the premises.

The fact that the tenant made payments on account of the rent to an amount in excess thereof figured on the above basis is not conclusive, since it appears that the payments were made before the actual measurements were submitted by the landlord to the tenant, and that as soon as the landlord presented a claim for rent on the basis of the number of square feet of floor space the tenant promptly objected to the method of computation.

(On present appeal.)

On this appeal from a judgment in favor of the plaintiff rendered on a second trial, the position of the Appellate Division in reference to the lease in question is the same as on the former appeal and the judgment is reversed and the complaint dismissed.

KELLY, P. J., and MANNING, J., dissent.

APPEAL by the defendant, Theodore Ficke Warehouses, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 5th day of December, 1924, upon the verdict of a jury rendered by direction of the court.

*Henry D. Merchant,* for the appellant.

*Fred L. Gross* [*Louis Charles Wills* with him on the brief], for the respondent.

JAYCOX, J.:

This is the second trial of this action. Upon the first trial a verdict was directed in favor of the plaintiff. An appeal was taken and the judgment was reversed and complaint dismissed. The opinion was by JAYCOX, J., KELLY, P. J., dissenting (209 App. Div. 34). Later a motion was made and the order resettled so as to direct a new trial. (See 208 App. Div. 855.) The action was brought to recover rent which the plaintiff claims is due. There is no dispute as to defendant's occupation of the premises, no dispute as to the making of the lease, or as to the amount due if plaintiff's contention is correct.

The only question that arises is as to the construction of the lease entered into between the parties. I do not care to repeat what was said in my previous opinion. It is as applicable now as it was then. In addition to it, however, I desire to call attention to some matters which confirm the conclusion then arrived at.

The lease provided that the tenant should give the landlord security for the performance of the lease in such form and in such an amount as should be agreed upon, and the lease was not to be

operative until that security was given. The tenant gave the security as required and it was accepted by the landlord (the plaintiff). The bond states that the defendant, as principal, and the National Surety Company, as surety, are held and firmly bound unto the corporation of Frederick Scholes in the penal sum of $13,000, " which sum is hereby agreed to be the maximum liability hereunder." The bond then recites the making of the lease and gives the condition of the obligation to be that the principal indemnifies the obligee (the plaintiff) against loss and damage by reason of the failure to pay said rent for the period of one year from the date thereof. The area of the premises covered by the buildings is 26,733.29 feet. This I think clearly shows that the parties then had in mind the area of the land occupied by the buildings. It certainly is a very persuasive indication that the plaintiff then computed the rent upon the basis of the area of the land covered by the buildings.

The lease and the complaint, both prepared by the plaintiff's attorney, do not mention floor space. If floor space were intended, how easy and natural the use of that term would have been in the lease. If floor space and area of premises were at all synonymous, it seems to me that in paraphrasing the lease in the complaint the words " floor space " would have been used. I again call attention to the fact that when counsel desired upon the trial to call the attention of a witness to " floor space " no other term could be used.

The plaintiff claims that its construction of the lease is helped out by reference to the blue prints of the survey annexed. I cannot agree with this reasoning. The term *survey* is indicative of the measurement of land. The prints do depict all the land embraced in the premises. If the blue prints referred to buildings they would have been more properly designated as plans. It is true that the second floor of one building is depicted upon the survey, but this, to my mind, is of very little consequence. If this was the complete survey of the buildings and showed the floors of all the buildings, then the plaintiff's claim that it was impossible, at that time, to give the floor space area because of the changes that were to be made, falls to the ground. This was a survey of the premises as they then were and as they were to be, and no claim was made at that time, or since, that this was not the fact. The fact that a survey was annexed at that time as showing the premises, while the floors were afterwards to be changed, very clearly indicates that the survey did not relate to the buildings but to the land itself, the premises leased.

The trial court said: " The lease is plainly ambiguous. That is to

say, it seems clear enough until you attempt to apply it to the physical facts. Then it appears to require a straining of reason to carry out the obvious meaning, which would seem to favor the contention of the defendant. The circumstances outside of the lease, however, point the other way." If the meaning is " clear enough," and the words used have an " obvious meaning," then the lease is not ambiguous. What the difficulty is in applying the obvious meaning to the physical facts is not pointed out. In fact, no such difficulty exists, until the attempt is made to apply the language used to physical facts for which it was not designed. If the lease is construed according to its plain, obvious meaning, the words " the premises " mean the plot of ground; and if, when the rent is computed, the words " all exposed or uncovered driveways and all yard spaces " are excluded, no difficulty is experienced in applying the language used to the situation. When, however, an attempt is made to apply the description of the premises leased and the method of computing the rent to the floor space contained in the buildings, difficulties are encountered which cannot be logically overcome.

The lease is not ambiguous. A verdict should have been directed for the defendant dismissing the complaint.

I recommend that the judgment be reversed upon the law and the facts, with costs, and the complaint dismissed, with costs.

YOUNG and KAPPER, JJ., concur; KELLY, P. J., and MANNING, J., dissent, and vote to affirm on the opinion of Mr. Justice VAN SICLEN at Trial Term.

Judgment reversed on the law and the facts, with costs, and complaint dismissed, with costs.