Samuel Koldowsky, Plaintiff, v. Jennie Dubin, Defendant.

City Court of New York, Kings County, February 2, 1931.

*Gustave Schwartz,* for the plaintiff.

*Kennedy & Chamberlin,* for the defendant.

GALLAGHER, J. The decision in *Jacobs* v. *Feigenbaum* (143 Misc. 128, City Court, New York county) is relied upon as authority for granting the motion. It was there held that ever since the enactment of chapter 173 of the Laws of 1904, it has become mandatory upon the court to grant a preference and set the trial for a day certain during the term in certain actions enumerated in the statute, including one where an infant is sole plaintiff. It is true that that statute, which amended section 793 of the Code of Civil Procedure, used language mandatory on its face. The statute, however, within a year of its enactment was held to be unconstitutional by the Appellate Division in the First Department. (*Riglander* v. *Star Co.,* 98 App. Div. 101; affd., 181 N. Y. 531.) The Appellate Division in the Second Department, following this decision, held that preference in one of the enumerated cases prevails only over causes noticed for the same term and not over all other causes on the calendar of the court. (*Woerner* v. *Star Co.,* 107 App. Div. 248.) Notwithstanding these decisions, which were probably not called to the court's attention in the case upon which plaintiff relies, language identical with the provisions of the statute thus condemned was carried into the Civil Practice Act (§ 141, subd. 3) and is repeatedly invoked in motions of this kind. This court has held on many occasions that it is bound to follow the construction placed upon the language by the appellate courts. (*Nat. City Bank* v. *Dallon,* N. Y. L. J. April 25, 1930; *Levy* v. *Met. Life Ins. Co.,* Id. May 16, 1930; *Gerstein* v. *Brooklyn & Queens R. T. Co.,* Id. Nov. 5, 1930; *City Trust Co.* v. *DeBiasi,* Id. Jan. 21, 1931.) The motion is granted to the extent only of preferring the action over other actions noticed for the same day. This decision is without prejudice to an application based on an appeal to the court's discretion. On such an application the interest of relative justice requires proof of the existence of extraordinary circumstances before preference may be granted. (*Goldin* v. *Malone Dairy Co.,* 209 App. Div. 34.)